520 April 2, 2025 No. 306

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of O. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. K. B.,
*Appellant.*

Crook County Circuit Court
23JU06397; A185255

Daina A. Vitolins, Judge.

Submitted March 10, 2025.

George W. Kelly filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

In this juvenile dependency case, father challenges a juvenile court ruling pursuant to ORS 419B.340(5),[1] that relieved the Department of Human Services (DHS) from its obligation to make reasonable efforts to effect reunification with his four-year-old daughter, O, based on a finding of "aggravated circumstances." In his first assignment of error, father contests one of the court's factual findings, arguing that the juvenile court "erred in finding that father had not been participating in services and had not been cooperating with DHS." In his second assignment of error, father contests the juvenile court's aggravated circumstances finding. He does not request *de novo* review and this is not an exceptional case warranting such review. *Dept. of Human Services v. C. M.*, 284 Or App 521, 392 P3d 820 (2017), *see also* ORAP 5.40(8)(c) (we exercise our discretion to review *de novo* only in exceptional cases). Therefore, we accept the juvenile court's factual findings that are supported by any evidence in the record, *Dept. of Human Services v. J. F. D.*, 255 Or App 742, 744, 298 P3d 653 (2013), and review for abuse of discretion, *see* ORS 419B.340(5) (using the word "may" to describe the juvenile court's discretionary authority). Addressing the arguments in reverse order, we affirm.

Prior to dependency jurisdiction being taken, there were six children in the care of father.[2] An investigation revealed that neglect, abuse, torture, and starvation caused at least one of the children, P, to experience serious injuries requiring "significant and sustained life-saving measures"

---

[1] ORS 419B.340(5) provides in part:

"If a court determines that one of the following circumstances exist, the juvenile court may make a finding that the department is not required to make reasonable efforts to make it possible for the ward to safely return home:

"(a) Aggravated circumstances including, but not limited to, the following:

"* * * * *

"(C) The parent by abuse or neglect has caused serious physical injury to any child;

"* * * * *

"(E) The parent has subjected any child to intentional starvation or torture[.]"

[2] The family also lived with the mother of five of the children.

including more than one month of hospitalization. This appeal regards father's relationship with O, who, along with the other children in the home witnessed the severe mistreatment of P. DHS also alleged that O lived in an unsafe, unsanitary home and that father does not understand O's basic needs and lacks skills necessary to safely parent her. The juvenile court determined that the allegations against father were proved.

Father does not dispute, and we agree, that the court's jurisdictional findings satisfied the criteria of ORS 419B.340(5). Once the criteria of ORS 419B.340(5) are satisfied, a juvenile court has discretionary authority to relieve DHS of its obligation to make reasonable efforts towards reunification. ORS 419B.340(5). Although courts may consider a parent's participation in services as a factor in deciding whether to exercise discretion to relieve DHS of its reasonable-efforts obligation, doing so is not required by the statute. *See id.*

Father asked the court not to exercise its discretion to relieve the agency of its obligation to make reasonable efforts and asked for a chance to work to regain custody of O. On appeal, he argues that the juvenile court abused its discretion by basing the finding to relieve DHS of its reasonable-efforts obligation on an unsupported and erroneous factual finding. Father disputes the juvenile court's finding that he is "not participating with any service" and "not cooperating with DHS whatsoever." As mentioned above, we are bound by the juvenile court's factual findings if there is any evidence to support them. *J. F. D.*, 255 Or App at 744.

The record does indicate that father participated in supervised visitations with O, maintained contact with DHS such as informing the agency of his change of residence, and attended at least one family engagement meeting. Nonetheless, the record also indicates that father, based on advice of counsel in light of possible criminal charges, did not sign releases of information to DHS. Regardless of father's *reasons* for declining to sign releases of information, evidence exists in the record to support the court's finding that he was not adequately engaged with DHS. At minimum, the record reflects that he was not engaging in a way

that would enable DHS to make reasonable efforts or even communicate with any of father's providers, nor enable the juvenile court to fully assess the degree to which he had engaged.

Although the juvenile court's statement that father was "not cooperating whatsoever" did not fully encompass father's actions, review of the court's findings in context and in light of the record as a whole suggest that the juvenile court believed that father's refusal to sign releases of information—thereby undermining the possibility of communication between DHS, the court, and any providers working with father—made any actions taken by father to engage with service providers or therapy insufficient to address the problems that brought the child into DHS care. In other words, the record does not indicate that the court relied on an unsupported or erroneous understanding in deciding to relieve DHS of its reasonable-efforts obligation.

Thus, we conclude that the trial court did not err in relieving DHS of its obligation to make reasonable efforts to effect reunification between O and father.

Affirmed.